**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| | ) | |
| **Vs.** | ) | **3:10cr84** |
| | ) | |
| **CHEVON TRAVELL BENNETT.** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | **ORDER** |
| | ) | |
| **CHEVON TRAVELL BENNETT,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **Vs.** | ) | **3:12cv524** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| | ) | |
| _____ | ) | |

     **THIS MATTER** is before the court on petitioner's Motion Under 28 U.S.C. § 2255, and

Alternative Petitions for Relief Under 28 U.S.C. § 2241 and 28 U.S.C. § 1651(a) (#1 in the civil

action, 3:12cv524) and petitioner's Motion to Reduce Sentence (#59 in the criminal action,

3:10cr84).  For purposes of judicial economy, the court has consolidated its consideration of the

motions filed in the respective criminal and civil matters as there is a great deal of interplay

between the arguments in support of the criminal and civil relief sought.1

     On December 19, 2012, the court conducted an evidentiary hearing at which petitioner

---

1     For purposes of simplicity, the court will refer to Mr. Bennett as "petitioner" and the
government as "respondent" throughout, regardless of the nature of the motion discussed.

appeared and was represented by counsel. The respondent also appeared and was represented by counsel. Having carefully considered each motion, the arguments of counsel, and the supplemental citations provided after the hearing, the court enters the following findings, conclusions, and Order granting in part and denying in part the relief sought.

## FINDINGS AND CONCLUSIONS

### I. Procedural Background

On May 18, 2010, petitioner was charged in this district in a three count Bill of Indictment. In Count One, the Grand Jury charged that in 2009, petitioner possessed with intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). In Count Two, petitioner was charged with possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c). In Count Three, petitioner was charged with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).

On August 30, 2010, petitioner entered a straight-up plea to Counts One and Three, and petitioner went to trial on Count Two. After two trials on Count Two, petitioner was acquitted on November 3, 2011, of the charge of possession of a firearm in furtherance of a drug trafficking offense.

On June 7, 2011, this court conducted a hearing and sentenced petitioner on Counts One and Three. As to Count One, pursuant to USSG Chapter 5, Part A, based on a total offense level of 21 and a criminal history category of IV, the guideline range for imprisonment on the drug offense was 57 to 71 months. However, because the statutory minimum sentence of imprisonment was greater than the minimum of the guideline range, the guideline term of imprisonment became 60 to 71 months in accordance with USSG §5G1.1(c)(2). Petitioner was

sentenced to 60 months imprisonment, the mandatory minimum, on Count One. As to Count Three, the gun offense, the court sustained petitioner's objection to application of the specific offense characteristics found in USSG 2D1.1(b)(1) and USSG 2K2.1(b)(6), giving petitioner the lower total offense level for Count Three of 19. With a criminal history category of IV, the advisory guideline range for Count Three became 46-57 months. Petitioner was sentenced to 46 months imprisonment on Count Three. The court ran the sentences concurrent with each other and judgment was entered June 17, 2011. Petitioner did not file a direct appeal and such judgment became final on July 1, 2011.

On August 17, 2011, the Court of Appeals for the Fourth Circuit issued its *en banc* decision in <u>United States v. Simmons</u>, 649 F.3d 237 (4th Cir. 2011), wherein the Court of Appeals for the Fourth Circuit held that under North Carolina's Structured Sentencing Act, a defendant is convicted of a crime "punishable" by more than a year only if some offender possessing the same prior record level and convicted of similar aggravating factors could have received a sentence exceeding one year and that courts must make that determination based on facts contained in the offender's "state record of conviction." <u>Id.</u> at 249.

On November 1, 2011, the Fair Sentencing Act of 2010 (hereinafter "FSA"), which amended provisions of 21 U.S.C. § 841(b) by increasing the amount of crack cocaine required to trigger mandatory minimum sentences, was made retroactive under Amendment 750 of the advisory Sentencing Guidelines.

On May 22, 2012, this district entered an Order appointing the *Federal Defenders of Western North Carolina* "to represent any defendant previously determined to have been entitled to appointment of counsel . . . to determine whether that defendant may qualify for post-

conviction relief pursuant to [Simmons] . . . and if so, to assist the defendant in obtaining such relief." In Re: Motions for Post-Conviction Relief Pursuant to [Simmons], 3:12mc92 (W.D.N.C. May 22, 2012).

On June 21, 2012, the Supreme Court held that the FSA's new, lower mandatory minimums apply in the post-Act sentencing of pre-Act criminal conduct. Dorsey v. United States, 132 S.Ct. 2321, 2335–36 (2012).

On or about July 1, 2012, the one-year period for filing a post-judgment motion seeking collateral review under Rule 2255(f)(1) passed for petitioner.

On August 9, 2012, the United States Probation Office filed a Supplemental Presentence Report pursuant to Dorsey in this matter. In that report, the USPO, believing that the recently issued decision in Dorsey was applicable to petitioner's case, determined that due to the amount of cocaine base attributable to petitioner, 19.3 grams, he was no longer subject to the mandatory minimum sentence of 5 years, and calculated that his advisory guidelines range for imprisonment on the drug offense would now be 46-57 months imprisonment.

On August 17, 2012 (the one year anniversary of the Court of Appeals *en banc* decision in United States v. Simmons, supra), the Federal Defender's office filed on behalf of petitioner the instant Motion Under 28 U.S.C. § 2255, and Alternative Petitions for Relief Under 28 U.S.C. § 2241 and 28 U.S.C. § 1651(a), in which petitioner asserted actual innocence as to the § 922(g)(1) offense charged in Count Three.[2] In that motion, petitioner argues through counsel that even if the petition is untimely, equitable tolling should be applied.

---

2    Petitioner relies on 28 U.S.C. § 2255(f)(4) in asserting that his petition was timely filed even though it was filed more than one year after his judgment became final. 28 U.S.C. § 2255(f)(1). Motion (#1), at 7-8.

On August 28, 2012, this court conducted an initial screening of the counseled § 2255 petition, as provided by Rule 4(b) of the Rules Governing § 2255 Proceedings. Based on such preliminary review, the court determined that petitioner had asserted a colorable claim of actual innocence as to Count Three under <u>Simmons</u>, and directed the government to file an expedited answer or other responsive pleading in the § 2255 civil action.

On September 26, 2012, the respondent filed its Response to the § 2255 petition, in which it argued that the petition should be dismissed for failure to file the petition within one year of the judgment becoming final under § 2255(f)(1) inasmuch as the subsection relied on by petitioner, § 2255(f)(4), was inapplicable to petitioner.

On October 31, 2012, petitioner, with leave of court, filed his Reply (#9) to the respondent's Response in the civil action. In that Reply, petitioner argued that the decision in <u>Simmons</u> constitutes a "fact" making his petition timely under § 2255(f)(4). He also argued that even if such petition is time barred, he is entitled to relief under 28 U.S.C. § 2241.

Also on October 31, 2012, petitioner filed his counseled Motion to Reduce Sentence under 18 U.S.C. § 3582(c)(2) in the underlying criminal action. In that motion, petitioner asserts a claim under <u>Dorsey</u> and contends that the Fair Sentence Act ("FSA") should now be retroactively applied to his 2011 sentence for the drug offense, citing to the USPO's <u>Dorsey</u> supplement filed in August 2012.

On December 3, 2012, the respondent filed its Response to petitioner's Motion to Reduce Sentence. Respondent argued that §3582(c)(2) was improperly invoked by petitioner as that provision does not permit a sentence reduction as a result of a Supreme Court decision as it only permits a sentence reduction based on an amendment to the Sentencing Guidelines.

On December 19, the court conducted an evidentiary hearing.

## II.     Discussion

### A.     Section 2255 Relief as to Count Three: <u>Simmons</u>

In his § 2255 motion, petitioner contends that his conviction on Count Three, possession of a firearm by a convicted felon, is now invalid in light of <u>United States v. Simmons</u>, <u>supra</u>. While the respondent concedes that petitioner is actually innocent of that offense, respondent has moved to dismiss the petition contending that petitioner failed to bring such claim within the time provided under § 2255(f)(1).[3]

In <u>Simmons</u>, the Court of Appeals for the Fourth Circuit revisited and reconsidered its earlier holding that, in the context of applying an enhancement under the Armed Career Criminal Act, a conviction was for "a crime punishable by imprisonment exceeding one year if any defendant charged with that crime could receive a sentence of more than one year." <u>United States v. Harp</u>, 406 F.3d 242, 246 (4th Cir. 2005) (internal quotation and citation omitted). In light of the intervening decision of the Supreme Court in <u>Carachuri-Rosendo v. Holder</u>, 130 S. Ct. 2581 (2010), the appellate court in <u>Simmons</u> held that "'[T]he conviction itself' must serve as our 'starting place.'" <u>Simmons</u> at 243. By examining the defendant's state-court record, the appellate court determined that it contained no findings exposing Simmons to the elevated state sentence necessary to trigger enhancement under the ACCA. <u>Id.</u> In this case, it is undisputed

---

3       As petitioner questioned in his Reply respondent's decision to not waive the § 2255(f) statute of limitations in this case, when it waived the SOL in the cases of others, the court made inquiry on the record at the evidentiary hearing concerning the reasons for such decision. For the reasons provided by the respondent at the hearing, the court concludes that the government's decision in this case is not motivated by any improper or unconstitutional factor, but is instead the result of applying neutral criteria.

that if petitioner timely filed his §2255 petition or if the government waived the time bar, Simmons would mandate that this court set aside his conviction on Count Three for possession of a firearm by a convicted felon as petitioner was not previously convicted of a crime punishable by imprisonment exceeding one year.

In order to properly proceed under § 2255, petitioner must first establish that his motion was timely filed under one or more provisions of § 2255(f). The court will review each subsection of § 2255(f) asserted by petitioner, *seriatim*.

### 1.    Consideration Under § 2255(f)(3)

First, the court has considered whether plaintiff's claim of actual innocence would be timely under § 2255(f)(3), which provides as follows:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
>                 \*\*\*
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review[.]

18 U.S.C. § 2255(f)(3). As the right asserted was first recognized by the Supreme Court in Carachuri Rosendo, supra, and made retroactively applicable to cases on collateral review by Simmons,[4] petitioner had 12 months from the date on which the Supreme Court decided Carachuri Rosendo (June 14, 2010) to bring this claim under § 2255(f)(3), not 12 months from the date on which the Court of Appeals issued its decision in Simmons (August 11, 2011). Thus, § 2255(f)(3) would provide petitioner - - and any petitioner for that matter - - no avenue

---

[4]    While arguing that Carachuri-Rosendo could not be applied retroactively, the respondent conceded in its appellate brief in United States v. Powell, 691 F.3d 554 (4th Cir. 2012), that Simmons was retroactively applicable, arguing that "this Court applied *Carachuri-Rosendo* in its decision in *Simmons* to narrow the scope of a criminal statute . . . ." Powell, Brief of Appellee, 2012 WL 1120327, at 4.

for seeking review as <u>Simmons</u> was decided more than a year after <u>Carachuri Rosendo</u>.

The harsh result wrought under § 2255(f)(3) has been long recognized. As the Court of Appeals

for the Fourth Circuit has found, and as Circuit Judge Niemeyer explained in his concurring

opinion in <u>United States v. Mathur</u>, 685 F.3d 396 (4th Cir. 2012):

> Of course, I recognize, as did the Supreme Court in *Dodd*, that such a construction of the language of § 2255(f)(3) would leave little room for the filing of § 2255 motions beyond the one-year limitations period provided in §2255(f)(1), since a court may not have made a new right retroactive within the one year after the Supreme Court recognized the right, as required by § 2255(f)(3). *See Dodd*, 545 U.S. at 359, 125 S.Ct. 2478. But if § 2255(f)(3) is to be read in the same manner as *Tyler* read § 2244(b)(2)(A), then this consequence would merely reflect the policy decision inherent in the statute. As the *Dodd* Court observed, "We must presume that the legislature says in a statute what it means and means in a statute what it says there." *Id.* at 357, 125 S.Ct. 2478 (internal quotation marks and alteration omitted). Explaining the narrow authority granted by § 2255(f)(3), the Court stated:

>> *Dodd* points out that this Court rarely decides that a new rule is retroactively applicable within one year of initially recognizing that right. Thus, because of the interplay between [§§ 2255(h)(2) and 2255(f)(3)], an applicant who files a second or successive motion seeking to take advantage of a new rule of constitutional law will be time barred except in the rare case in which this Court announces a new rule of constitutional law and makes it retroactive within one year.

>> Although we recognize the potential for harsh results in some cases, we are not free to rewrite the statute that Congress has enacted.... It is for Congress, not this Court, to amend the statute if it believes that the interplay of ¶¶ [ (h) ](2) and [ (f) ](3) of § 2255 unduly restricts federal prisoners' ability to file second or successive motions.

> *Id.* at 359–60, 125 S.Ct. 2478 (emphasis added).

> The consequence recognized by *Dodd* is indeed presented in the case before us, as no court has held that *Padilla* recognized a new right that is retroactively applicable to cases on collateral review within the year after *Padilla* recognized the right. Thus, even if Mathur could show that this court ought to apply *Teague* so as to make *Padilla* retroactive, it is not clear that § 2255(f)(3)

would allow us to do so.

Id. at 403-404 (Niemeyer, C.J., concurring). While Simmons allows for the retroactive application of the right first recognized in Carachuri Rosendo, the § 2255(f)(3) one year window was already closed when Simmons issued, as that opportunity is calculated from the Supreme Court's 2010 decision in Carachuri Rosendo, not the August 17, 2011, Simmons decision which first recognized that right. While petitioner could have asserted a Simmons claim between August 17, 2011, and July 1, 2012, under § 2255(f)(1), discussed *infra*, any reliance on §2255(f)(3) by this petitioner (or any other petitioner for that matter) in bringing a Simmons claim must be premised on a waiver of the statute of limitations by the government inasmuch as Simmons issued more than a year after Carachuri Rosendo.

### 2. Consideration Under § 2255(f)(4)

The court has also considered whether the § 2255 petition was timely filed under §2255(f)(4), which provides "[a] 1-year period of limitation [shall run from] . . . the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4). Petitioner contends that the issuance of the *en banc* decision in Simmons is a "fact" supporting his claim, making his petition filed one year to the day after such decision issued timely.

The issuance of a legal decision is not a "fact." The term "fact" as used in § 2255(f)(4) refers to an actual or alleged event or circumstance, but not to the date a petitioner recognizes the legal significance of such event. United States v. Pollard, 416 F.3d 48, 55 (D.C. Cir. 2005) (Sentelle, C.J., relying on and citing *Black's Law Dictionary* 7th Ed. at 610). Indeed, as one district court recognized, the law on this point is overwhelming:

> Indeed, each circuit that has considered the issue has found that a legal decision that does not change any part of the petitioner's own criminal history constitutes a ruling of law and does not create a new factual predicate for a federal habeas claim. *See Lo v. Endicott*, 506 F.3d 572, 575–76 (7th Cir.2007); *E.J.R.E.*, 453 F.3d at 1097–98; *Shannon*, 410 F.3d at 1089. Other circuits, while not addressing that issue directly, have explained that § 2255(f)(4) does not provide for AEDPA's one-year limitations period to begin to run upon a prisoner's recognition of a new legal ground for a § 2255 petition. *See United States v. Collins,* 364 Fed.Appx. 496, 498 (10th Cir.2010) (order denying certificate of appealability) ("Section 2255(f)(4) speaks to discovery of facts supporting a claim, not a failure to appreciate the legal significance of those facts."); *Barreto–Barreto v. United States*, 551 F.3d 95, 99 n. 4 (1st Cir.2008) (noting that "the discovery of a new legal theory does not constitute a discoverable 'fact' for the purposes of § 2255(f)(4)"); *United States v. Pollard*, 416 F.3d 48, 55 (D.C.Cir.2005) (noting that for the purposes of § 2255(f)(4), "time begins when the prisoner knows (or through due diligence could discover) the important facts, not when the prisoner recognizes their legal significance" (*quoting Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir.2000) (quotation marks omitted))).

Tellado v. United States, 799 F.Supp.2d 156, 164 (D.Conn. 2011).  Clearly, Simmons did not change petitioner's criminal history; rather, it determined that persons with similar criminal histories lacked a cognizable predicate conviction to support a later federal enhancement or conviction based on such predicate.

This court joins with it colleague in Tellado, and will follow all of the appellate courts that have addressed the issue, and finds that because a legal decision does not constitute an actual or alleged event or circumstance, such is not a "fact" for purposes of § 2255(f)(4).  Thus, the issuance of the Court of Appeals *en banc* decision in Simmons on August 17, 2011, was not a "fact" that would trigger the start of a one-year period of limitations under § 2255(f)(4).[5]  Thus, petitioner's reliance on § 2255(f)(4) in bringing this action is unavailing.

---

5     The court notes that authored the one published opinion accepting a theory that equates issuance of a legal decision with discovery of a fact later abandoned such position based on contrary intervening circuit law.   See Rios–Delgado v. United States, 117 F.Supp.2d 581 (W.D.Tex.2000); *c.f.*  Estrada–Mendez v. United States,  2008 WL 558040, at *3 (W.D.Tex. Feb. 28, 2008).

### 3.    Consideration Under § 2255(f)(1)

Finally, the court has considered whether this petition was timely filed under §2255(f)(1), which provides "[a] 1-year period of limitation [shall run from] . . . the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). Petitioner's judgment of conviction became final July 1, 2011, and petitioner filed his motion on August 17, 2012, making the filing of the petition some 48 days late.[6]

Recognizing that the period had passed when he filed his petition, petitioner has argued that such limitation period should be equitably tolled. Inasmuch as the AEDPA's "limitations provisions ... do not speak in jurisdictional terms or refer in any way to the jurisdiction of district courts ... § 2255's limitations period is subject to equitable modifications such as tolling." United States v. Prescott, 221 F.3d 686, 688 (4th Cir.2000). Equitable tolling is an "extraordinary remedy" and "sparingly granted." Id.

It is undisputed that petitioner was represented by the Federal Defender's Office ("FDO") from arraignment through sentencing, and then after sentencing for the purposes of advising defendant as to his right to bring an appeal. While the docket in the criminal proceeding does not reveal that the FDO was ever formally terminated or reappointed after petitioner elected not to appeal, the FDO was reappointed May 22, 2012, to assist petitioner and others in bringing a §

---

6    In calculating the 12 months from the date on which the Judgment of Conviction becomes final, a conviction is final for § 2255(f)(1) purposes "on the date when the petitioner could no longer seek direct review." United States v. Walker, 1998 WL 756928, *1 (4th Cir.1998)(citations omitted). Inasmuch as the Judgment of Conviction was entered June 17, 2011, and no direct appeal was taken from such judgment, the Judgment of Conviction became final July 1, 2011, inasmuch as a defendant has 14 days to appeal from a Judgment of Conviction. Fed.R.App.P. (4)(b)(1)(A); Mederos v. United States, 218 F.3d 1252, 1253 (11th Cir.2000) (noting that when no direct appeal was taken from the original judgment of conviction, the judgment of conviction became final when the time for filing a direct appeal expired).

2255 claim under <u>Simmons</u>.[7]

The Supreme Court has made clear that mere attorney negligence in failing to file a timely petition is not sufficient in-and-of itself to equitably toll the statute of limitations imposed under the AEDPA. <u>Holland v. Florida</u>, 130 S.Ct. 2549 (2010). In <u>Holland</u>, the Court held that something more than negligence of counsel was required to toll the deadline, holding as follows:

> We have previously held that "a garden variety claim of excusable neglect," *Irwin,* 498 U.S., at 96, 111 S.Ct. 453, such as a simple "miscalculation" that leads a lawyer to miss a filing deadline, *Lawrence, supra,* at 336, 127 S.Ct. 1079, does not warrant equitable tolling. But the case before us does not involve, and we are not considering, a "garden variety claim" of attorney negligence. Rather, the facts of this case present far more serious instances of attorney misconduct. And, as we have said, although the circumstances of a case must be "extraordinary" before equitable tolling can be applied, we hold that such circumstances are not limited to those that satisfy the test that the Court of Appeals used in this case.

<u>Id.</u>, 130 S.Ct. at 2564. The decision in <u>Holland</u> instructs that trial courts should look beyond a missed deadline by counsel and determine whether the presence of counsel imposed some other impediment upon the litigant that interfered with his or her ability to timely file his petition. <u>Id.</u>, 130 S.Ct. at 2565.

At the hearing, the court attempted to determine whether the presence of appointed counsel somehow lulled an otherwise motivated defendant into complacency. While not presented in evidentiary form, the FDO candidly informed the court that post-<u>Simmons</u>, their office told incarcerated clients who called to "do nothing" as the FDO anticipated that an Order appointing them as counsel would be entered. While the FDO presented no phone logs indicating which petitioners were so misadvised, and could not point to a conversation with this petitioner, a reasonable inference drawn from such proffer is that many in the prisoner community believed

---

7  The FDO stated at the hearing that such appointment encompassed review of 1600 cases.

that they need do nothing to protect their rights under <u>Simmons</u> as the FDO would be filing claims on their behalf.  In addition to providing bad legal advice, the FDO was overwhelmed by the task assigned to it by this court.  Counsel for petitioner stated that the reason their office failed to meet the deadline was that this district's May 22 Order appointing them as counsel required them to review some 1600 cases in the Western District of North Carolina.

In looking beyond the missed deadline as required under <u>Holland</u>, the court must also look internally.  It was the judges of this court that assigned review of an estimated 1600 cases to what is a relatively small FDO staff, and only allowed utilization of panel attorneys in the event of "a prohibitive conflict" rather than appoint panel attorneys to review their own cases in the first instance.   Order (#1), 3:12mc92 at 1.  Simply put, this court gave the FDO a difficult task.

In order to be entitled to equitable tolling, the movant must show (1) that he has diligently pursued his legal rights and (2) that some extraordinary circumstance prevented the timely filing of his § 2255 motion.  <u>Id.</u> at 2562 (<u>quoting</u> <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 418 (2005)).  The legally incorrect representations the FDO made to those who inquired coupled with the overwhelming task handed to such office may well have amounted to petitioner receiving ineffective assistance of counsel on collateral , at least insofar as the FDO failed to file a timely petition despite being assigned that task by this court's May 22 Order.  Such obstacles were well explained by counsel at the hearing:

> MS. RICHARDSON: We started with 1600 922(g) cases, and we only -- we discovered Mr. Bennett probably, sadly, four or five weeks after his period had ended because he was just in that process. Otherwise, we wouldn't have even known about him.

***

> We also were under the impression at that time that the U.S. Attorney's Office
> was going to be waiving any statutes of limitations with respect to 922(g) cases. It
> wasn't until I got the response in this case that I discovered that there would be --
> that would be the case for some 922 defendants but not for others.

Hrg. Trans. At 2-3.

The court is unaware of any other petitioner who finds himself in this situation in this district. In this one-off situation, the court finds denial of an opportunity for petitioner to seek relief - - which even the government concedes he would otherwise be entitled to as he is actually innocent of the gun charge - - would be facially inequitable.  While the court recognizes that simply miscalculating a deadline and other garden variety attorney errors will not suffice, this case presents exceptional circumstances, as envisioned by <u>Holland,</u> and based on a totality of the circumstances (including the misapprehension of the Federal Defender in believing that the United States Attorney would be waiving the limitations period in all "actual innocence" cases, when in fact they were waiving it in some but not in others) surrounding this matter including the actual innocence of petitioner, there is a basis for the brief equitable tolling required in this matter as exceptional circumstances have been shown along with conduct by the FDO which may have lulled petitioner into inaction.

### 4.    **Conclusion as to <u>Simmons</u> Relief**

As the government has conceded that petitioner is actually innocent of Count Three, and the court having thoroughly considered petitioner's substantive argument, the court will vacate the conviction on Count Three, set aside the sentence, and dismiss Count Three.

### B.    **Section 3582 Relief as to Count One: <u>Dorsey</u>**

### 1.    **Section 3582(c)(2)**

Petitioner has moved under 18 U.S.C. § 3582(c)(2) for the court to apply the FSA to reduce the sentence imposed as to Count One, the drug offense. When petitioner was sentenced, the FSA had not yet been determined to be applicable to conduct occurring before August 3, 2010. Thus, at sentencing on June 7, 2011, the court imposed the mandatory minimum penalty of five years as provided under 21 U.S.C. § 841(b)(1)(B). As discussed above, such judgment on Count One became final July 1, 2011.

More than a year later, the Supreme Court held in <u>Dorsey v. United States</u> that defendants, like petitioner herein, who committed crack offenses prior to the enactment of the FSA, but were sentenced after the FSA's effective date of August 3, 2010, were entitled to the benefits of the new, lower penalties contained within the FSA. Petitioner contends that based on the decision in <u>Dorsey</u>, he should now be resentenced as the statutory mandatory minimum sentence is no longer applicable to him under <u>Dorsey</u>. As the FSA increased the amount of cocaine base necessary to trigger imposition of a mandatory minimum sentence, it is undisputed that the amount of cocaine base attributable to petitioner would not now trigger any mandatory minimum if petitioner were sentenced or resentenced today.

In response, the government contends that because § 3582(c)(2) does not permit a sentence reduction as a result of a Supreme Court decision, but only permits a sentence reduction based on an amendment to the Sentencing Guidelines, this court lacks jurisdiction to reduce petitioner's sentence. The court agrees with the government that §3582(c)(2) provides petitioner with no avenue for relief under <u>Dorsey</u>. In pertinent part, § 3582 provides, as follows:

> **(c) Modification of an Imposed Term of Imprisonment**.— The court may not modify a term of imprisonment once it has been imposed except that—
> ***

> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). In turn, § 1B1.10(b) of the Sentencing Guidelines provides that in determining whether relief is available under § 3582(c):

> the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced. In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.

U.S.S.G. § 1B1.10(b). Thus, when a court is asked to modify a sentence under § 3582, it may substitute only the retroactive amendment, while leaving all original sentencing determinations in place. Freeman v. United States, 131 S.Ct. 2685, 2692 (2011).

In hindsight of Dorsey, petitioner should not have been sentenced to the mandatory minimum sentence of five years on Count One. Despite universal agreement that the sentence is now incorrect, respondent correctly argues that it is a harm that cannot be remedied by §3582(c)(2). Indeed, defendant in Dorsey received relief because his challenge under the FSA was made on direct appeal. The Supreme Court held that the more favorable mandatory minimums provided in the *statute* must be applied in post-FSA sentencings to pre-FSA conduct. Dorsey at 2326. However, Section 3582(c)(2) only allows for the post-judgment reduction of a sentence when the advisory guidelines range has been subsequently altered by the Sentencing Commission. See United States v. Passmore, 2012 WL 5278583, *2 (6th Cir. Oct. 25, 2012).

-16-

Further underscoring the point, the Supreme Court has held that § 3582(c)(2) permits "only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding." Dillon v. United States, 130 S.Ct. 2683, 2691 (2010). As the Court of Appeals for the Fifth Circuit explained in United States v. Stone, 473 F. App'x 393, 394 (5th Cir. 2012):

> [a] mandatory minimum statutory penalty overrides the retroactive application of a new Guideline. [Defendant's] sentence of 120 months of imprisonment was statutorily mandated, and, thus, he was not 'sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission.

Id. at 394 (citations omitted).

For these reasons, Dorsey relief under § 3582(c)(2) is foreclosed and petitioner's §3582(c)(2) Motion to Reduce Sentence will be denied.

## 2. Re-Characterizing the § 3582(c)(2) Claim as a § 2255 Claim

In reaching the above result, this court relied on the decision of the Court of Appeals for the Sixth Circuit in Passmore, which the government cited in support of its argument. However, the appellate court's Dorsey inquiry in Passmore did not end with §3582. Instead, the Passmore court determined that while a defendant is barred from Dorsey relief under § 3582(c)(2), relief may be available under § 2255.[8] Indeed, at least one other court has determined that the proper vehicle for bringing a Dorsey claim is not § 3582(c)(2), but § 2255. See United States v. Floore, 2012 WL 3765132 (S.D.Ill. Aug. 30, 2012) ("The proper vehicle to grant defendant such relief [under Dorsey] is a petition pursuant to 28 U.S.C. § 2255….").[9] In an abundance of caution, this

---

[8]   The Sixth Circuit dismissed the § 3582 claim without prejudice as to defendant reasserting a Dorsey claim under § 2255. Passmore, 2012 WL at *2.

[9]   Subsequent to such determination, the district court on remand in Floore granted petitioner Dorsey relief under § 2255. United States v. Floore, 2012 W.L. 4739913 (S.D.Ill. Oct.

court has carefully considered whether petitioner's §3582(c)(2) <u>Dorsey</u> claim could plausibly be construed as a viable claim under § 2255.[10] As this court did with petitioner's <u>Simmons</u> claim, the court will consider whether such claim can be timely asserted.

Since more than one year has passed since petitioner's judgment became final, the court has first considered whether petitioner could assert a timely <u>Dorsey</u> claim by invoking § 2255(f)(3), which provides that the one-year statute of limitations for filing a § 2255 motion runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review[.]" 28 U.S.C. § 2255(f)(3); <u>see</u> <u>also</u> <u>Dodd v. United States</u>, 545 U.S. 353, 357–58 (2005) (holding that the § 2255(f)(3) limitation period runs from the date on which the Supreme Court recognizes the new right). While <u>Dorsey</u> unmistakably provides that the FSA is retroactively applicable to defendants who have not yet been sentenced and may well apply to those cases in which a sentence was entered prior to <u>Dorsey</u> but remain on direct review, there is no finding by the <u>Dorsey</u> Court that such decision would be retroactively applicable to cases on collateral review.

---

3, 2012) (hereinafter "<u>Floore II</u>").

10      The court has summarily re-characterized the § 3582 motion as an additional claim made in petitioner's now pending § 2255 petition. The court has done so for two reasons: first, failure to do so before disposing of the pending §2255 motion would effectively bar consideration of the issue at the district court level as it would have been a second or successive petition; second, expeditious consideration is required as the relief sought would, if granted, likely provide petitioner with immediate release. Further, the court determines that no warning under <u>Castro v. United States</u>, 540 U.S. 375 (2003) is necessary inasmuch as petitioner has already put into play his entitlement to one complete round of collateral review. For the reasons discussed below, the court has not determined whether such amendment should relate back to the original filing and will withhold such determination pending additional briefing.

This court's §2255(f)(3) inquiry as to whether <u>Dorsey</u> has been "made retroactively applicable to cases on collateral review" does not, however, end with <u>Dorsey</u>, but requires consideration of whether any other court has found <u>Dorsey</u> retroactively applicable on collateral review.  As the Court of Appeals for the Fourth Circuit recently noted in <u>Mathur</u>, <u>supra</u>:

> [w]hile § 2255(f)(3) similarly depends on whether the new right "has been ... made retroactively applicable to cases on collateral review," unlike §2244(b)(2)(A), the right need not have been made retroactive "by the Supreme Court." For this reason, we recently held that "§ 2255(f)(3) does not require that the initial retroactivity question be decided in the affirmative only by the Supreme Court." *United States v. Thomas*, 627 F.3d 534, 536 (4th Cir.2010). Although we then proceeded, in *Thomas*, to resolve the retroactivity of the new rule at issue, *see id.* at 537–38, we never considered whether the phrase "made retroactively applicable" requires that a prior court (including but not limited to the Supreme Court) must have already made the rule retroactive.

<u>Id.</u> at 403.

While the court in <u>Floore II</u> (noted above) ultimately afforded <u>Dorsey</u> relief in the context of a § 2255 petition, the unpublished opinion makes no mention of which § 2255(f) provision Mr. Floore invoked in securing such relief. Put another way, the court in <u>Floore II</u> did not hold that the claim in that case was viable under §2255(f)(3). As there is no reported decision finding <u>Dorsey</u> retroactive on collateral review, <u>see</u> <u>Williams v. United States</u>, 2012 WL 4792910, n. 3 (M.D.Fla. Oct. 9, 2012), the court finds upon re-characterization of his claim that petitioner cannot bring a <u>Dorsey</u> claim under §2255(f)(3).

With §2255(f)(3) foreclosed, the only avenue for §2255 <u>Dorsey</u> relief would be as an amendment to an otherwise timely § 2255 petition brought under § 2255(f)(1).   For such amendment to be viable, it must relate back to petitioner's timely §2255 petition under <u>Simmons</u>.

### 3.     Amendment of the Petition

As the court has earlier determined that petitioner, through equitable tolling, filed his

petition for <u>Simmons</u> relief within the time provided by §2255(f)(1), the court will now consider whether it is appropriate to allow amendment of such petition to assert a Section 2255 claim as to Count One under <u>Dorsey</u> and whether any such amendment should relate back.  Rule 12 of the Rules Governing § 2255 makes the Federal Rules of Civil Procedure applicable to §2255 proceedings. Rule 15, Federal Rules of Civil Procedure, governs amendments to §2255 petitions. <u>United States v. Hicks</u>, 283 F.3d 380, 386 (D.C.Cir.2002).

While it is clear that § 2255 is the proper vehicle for bringing a § 2255 claim under <u>Dorsey</u>, what is not clear is whether a <u>Dorsey</u> claim arises from the same core facts as a <u>Simmons</u> claim.  An otherwise untimely amendment will relate back to date of the original petition when the newly asserted claim "arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Fed.R.Civ.P. 15(c)(2).  To relate back, the amended claims must arise from the "same core facts," and not be dependent upon events which are separate in time and type from the events upon which the original claims depended. <u>Mayle v. Felix</u>, 545 U.S. 644, 125 S.Ct. 2562, 2570, (2005).

As this issue has not been briefed, the court will withhold decision on whether to allow amendment of the original §2255 petition and direct the parties to brief the issue.

### C.    Other Theories of Relief

Petitioner has asserted, in the alternative a number of additional procedural mechanisms seeking relief.   While the court fully recognizes the accepted practice of pleading in the alternative, <u>see</u> Rule 8(d)(2), Federal Rules of Civil Procedure, none of the alternative causes of action are availing.

### 1.    The Savings Provision of § 2255 to Assert a § 2241Claim

First, petitioner has invoked the "savings clause" of § 2255 to obtain relief under 28 U.S.C. § 2241.

> The savings clause of § 2255 allows a prisoner to pursue traditional habeas relief by petition under § 2241 when it appears that the remedy allowed by § 2255 is inadequate or ineffective to test the legality of the prisoner's detention. We have held that § 2255 is inadequate or ineffective ….

Darden v. Stephens, 426 Fed.Appx. 173, 174 (4th Cir. April 29, 2011)(unpublished).  While a petitioner may seek application of § 2241 in the district of conviction where § 2255 is inadequate to test the legal validity of a conviction, see In re Jones, 226 F.3d 328 (4th Cir. 2000), it only applies where: (1) at the time of conviction, settled law of the Fourth Circuit or the Supreme Court established the legality of the conviction;  (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.  Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010); In re Jones at 333-34.   In Rice, petitioner's invocation of § 2241 was determined to be improper where he failed to file a § 2255 motion when he had the opportunity to do so.   Thus, as petitioner herein filed no direct appeal and had not been foreclosed by the filing of a first § 2255 petition, the second inquiry forecloses petitioner from bringing his claim under the savings provision.

## 2. Writ of Error *Coram Nobis* or a Writ of *Audita Querela*

Petitioner also seeks relief under the writ of error *coram nobis* or a writ of *audita querela*. *Coram nobis* relief is only available when all other avenues of relief are inadequate and where the defendant is no longer in custody. In re Daniels, 203 F. App'x 442, 443 (4th Cir. 2006) (unpublished); United States v. Mandel, 862 F.3d 1067, 1075 (4th Cir. 1988).  Petitioner is in

custody and has (or had) an available post-conviction avenue of relief under § 2255(f)(1). *Audita querela* relief is only available to "plug a gap in the system of federal postconviction remedies," United States v. Johnson, 962 F.2d 579, 583 (7th Cir. 1992), and in this case, § 2255 was in fact available leaving no gap to plug

Petitioner is, therefore, not entitled to any relief under such alternative avenues for seeking relief.

## ORDER

**IT IS, THEREFORE, ORDERED** that

(1)     the Motion to Reduce Sentence (3:10cr84, #59) is **DENIED** without prejudice as to reasserting such claim under §2255**;**

(2)     the Motion Under 28 U.S.C. § 2255 (3:12cv534, #1) is **GRANTED,** and judgment as to Count Three is vacated, the sentence imposed thereon is set aside, and Count Three is dismissed.  The Clerk of Court shall prepare an amended judgment in the underlying criminal case reflecting such determination.

(3)     the Alternative Petitions for Relief Under 28 U.S.C. § 2241 and 28 U.S.C. § 1651(a) (3:12cv524, #1) are **DENIED;** and

(4)     the petitioner shall file a brief in support of amendment of the §2255 petition to assert a Dorsey claim as to Count One within seven days of the filing of this Order and the government shall file its response within seven days of petitioner's filing, addressing whether such amendment would be permissible under Mayle, supra.

Signed: January 15, 2013

Max O. Cogburn Jr.
United States District Judge